UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jason Thornton,

    Plaintiff,

v.

Michael J. Astrue,
Commissioner of Social Security,

    Defendant.

                              /

Case No. 11-15527

Honorable Nancy G. Edmunds

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [11] , DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [9], GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [8], AND REMANDING THE CASE FOR FURTHER PROCEEDINGS CONSISTENT WITH THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Before the Court is the magistrate judge's report and recommendation on Plaintiff Jason Thornton's appeal of the denial of his Social Security disability benefits request. (Dkt. 11.) The magistrate judge recommend that the Court deny Defendant's motion for summary judgment, grant in part Plaintiff's motion for summary judgment and remand the case to the administrative law judge for further consideration of Plaintiff's rheumatoid arthritis in light of Listing 14.09D.

    For the reasons stated below and in the magistrate judge's report and recommendation, the Court accepts and adopts the magistrate judge's report and recommendation and remands this case back to the ALJ for further findings.

    The magistrate judge recommended finding that the ALJ erred when he did not weigh the evidence of Plaintiff's wrist arthritis against Listing 14.09D.

The ALJ stated:

> [Plaintiff's] left wrist/hand impairment, while apparently serious, fails to meet the requirements of listing section 1.02 or any other relevant listing section. While his apparent recurrent swelling, pain and reduced range of motion of that joint would obviously impair his ability to engage in manipulation and dexterous activities with that appendage, dysfunction in both upper extremities is required to meet the listing requirements. As previously discussed, [Plaintiff's] right, dominant upper extremity is apparently unaffected thus bar by his arthralgias.

(AR at 17-18.)

Defendant has filed an objection to the magistrate judge's report and recommendation. (Dkt. 13.) Defendant argues that the ALJ discussed Listing 1.02, and that discussion obviates, or makes harmless, a discussion of Listing 14.09. (Def.'s Objections at 2.) The Court disagrees with Defendant.

The ALJ discussed Listing 1.02, major dysfunction of a joint (due to any cause). (AR at 17-18). That listing characterizes dysfunction of a joint by

> gross anatomical deformity . . . and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:B. Involvement of one major peripheral joint in each upper extremity . . . resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 CFR Pt. 404, Subpt. P, App. 1., Listing 1.02.  Listing 1.00B2c defines inability to perform fine and gross movements effectively as "an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing,

pulling, grasping, and fingering to be able to carry out activities of daily living. Therefore, examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level." 20 CFR Pt. 404, Subpt. P, App. 1., Listing 1.00B2c.

The ALJ stated that he did not find that Plaintiff met Listing 1.02 because Plaintiff's "right, dominant upper extremity is apparently unaffected[.]" (AR at 18.) Listing 1.02 requires both hands and wrists to be affected.

But the Listings themselves show the ALJ's error. The 1.00 Listings, related to the musculoskeletal system, which Defendant argues sufficiently covers 14.09 specially states that "[t]he provisions of 1.02 and 1.03, notwithstanding, inflammatory arthritis is evaluated under 14.09[.]" 20 CFR Pt. 404, Subpt. P, App. 1., Listing 1.00B1. ALJ did not do so.

Plaintiff argued, and the magistrate judge recommends finding, that the ALJ erred when he did not consider Listing 14.09, given the evidence Plaintiff presented regarding his inflammatory arthritis. The Listings state that "[t]he spectrum of inflammatory arthritis includes a vast array of disorders that differ in cause, course, and outcome. Clinically, inflammation of major peripheral joints may be the dominant manifestation causing difficulties with ambulation or fine and gross movements; there may be joint pain, swelling, and tenderness. The arthritis may affect other joints, or cause less limitation in ambulation or the performance of fine and gross movements. However, in combination with extra-articular features, including constitutional symptoms or signs (severe fatigue, fever,

3

malaise, involuntary weight loss), inflammatory arthritis may result in an extreme limitation." 20 CFR Pt. 404, Subpt. P, App. 1, Listing 14.00D6.

Plaintiff can satisfy Listing 14.09D disability by showing, "repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level: 1. Limitation of activities of daily living. 2. Limitation in maintaining social functioning. 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace." 20 CFR Pt. 404, Subpt. P, App. 1, Listing 14.09D.

The Listing provides that "Listing-level severity is shown in . . . 14.09D by inflammatory arthritis that involves various combinations of complications of one or more major peripheral joints or other joints, such as inflammation or deformity, extra-articular features, repeated manifestations, and constitutional symptoms or signs. Extra-articular impairments may also meet listings in other body systems." 20 CFR Pt. 404, Subpt. P, App. 1, Listing 14.00D6e(ii). "Major peripheral joint" includes the wrist and hand. 20 CFR Pt. 404, Subpt. P, App. 1., Listing 1.00F.

The requirements of Listing 1.02 and Listing 14.09D are different. Listing 14.09D can be satisfied by showing inflammation in one wrist/hand along with a showing of constitutional symptoms or signs and one marked level finding. Given the differences in the Listings, the Court finds, as the magistrate judge recommends, that the ALJ erred when he did not discuss Listing 14.09D and its factors.

Being fully advised in the premises, having read the pleadings, having conducted a de novo review of Defendant's objections, and for the reasons set forth above, the Court ACCEPTS and ADOPTS the magistrate judge's report and recommendation and therefore

DENIES Defendant's motion for summary, GRANTS IN PART Plaintiff's motion for summary judgment, and remands this case to the administrative law judge pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the magistrate judge's report and recommendation.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 14, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2013, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager